## Case No. 2,702.

### In re CHRISTLEY.

[6 Biss. 154;[1] 10 N. B. R. 268.]

District Court, S. D. Illinois. July, 1874.

BANKRUPTCY — AUTHORITY OF ATTORNEY TO ACT AT CREDITORS' MEETING.

An attorney cannot act for a creditor at meetings held in the course of proceedings in bankruptcy, unless authorized to do so by a letter of attorney acknowledged before a register in bankruptcy or United States commissioner.

[Cited in Re Butterfield, Case No. 2,248.]

On certificate of register in bankruptcy.

At the first meeting of the creditors in the above entitled matter, Edward M. Tracewell, Esq., appeared and filed proofs of debt by Marcus M. Kendall and other creditors, and at the same time presented letters of attorney, purporting to have been executed by said creditors for the purpose of authorizing him to act for them in the proceedings herein, the execution of which said letters of attorney had been acknowledged in one instance before a notary public, and in other instances before the clerk of the Crawford circuit court, in the state of Indiana. The register presiding at said meeting declined to receive or recognize the said letters of attorney, or to permit said Tracewell to cast the vote of said creditors in the election of an assignee, as he desired and offered to do; and at his request, the question then arising was certified into court by said register, with the reasons for his action set forth in the following opinion, for the decision of the judge.

By Noble C. Butler, Register: The bankrupt law provides (§ 23 [14 Stat. 528]) that "any creditor may act at all meetings by his duly constituted attorney the same as though personally present." Neither the law as originally enacted, nor any of the amendments thereto, prescribe the manner in which an attorney may be "duly constituted." The justices of the United States supreme court, under the authority conferred upon them by the 10th section of the law, authorized the appointment of attorneys by special and general letters of attorney. Forms Nos. 14 and 26. No form of acknowledging the execution of either of these is given, but in a note at the close of the latter form it is stated that the creditor "may acknowledge the same before a judge, register, clerk or commissioner of the court, or any officer authorized to take acknowledgments of deeds or other instruments in writing." Subsequently the justices of the supreme court in their revision of the general orders in bankruptcy [made at December term, 1871, explicitly][2] designated registers in bankruptcy and United States commissioners, as the only officers before whom such acknowledgments may be taken. See general order No. 34. The recent amendment to the bankrupt law, which

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 10 N. B. R. 268.]

authorizes notaries-public to take proofs of debt in bankruptcy cases, does not change the requirements of general order No. 34, as to letters of attorney, but is wholly silent concerning them. The execution of the letters of attorney, presented by Mr. Tracewell, having been acknowledged before neither one of the officers named in said general order No. 34, I do not think that the person to whom they are addressed can be regarded as the "duly constituted attorney," within the meaning of the bankrupt law, of the creditors who subscribed the same; or that he can be permitted to act for them in the selection of an assignee or otherwise in the proceedings herein.

E. M. Tracewell, for M. M. Kendall and others, creditors.

Woodbury, Peckinpaugh & Zenor, for objecting creditors.

TREAT, District Judge. The decision of the register is in all things affirmed.

Proofs of debt taken before a notary public, who is the attorney for the creditor, are not admissible. In re Nebe [Case No. 10,073].